IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION <br><br> Plaintiff, <br><br> SUSAN BRENNEKA, ERIN FOSTER, CHRISTINA JAVID, VICKI MINER, AND TRACEY RANGEL, <br><br> Plaintiffs-Interveners, <br><br> v. <br><br> THE BLOOMIN' APPLE ROCKFORD I, LLC <br><br> Defendant | Civil Action No. 04 C 50375 <br><br> Judge Reinhard <br> Magistrate Mahoney |

FILED
MAY 29 2007
JUDGE PHILIP G. REINHARD
UNITED STATES DISTRICT COURT

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendant The Bloomin' Apple Rockford I, LLC ("Bloomin' Apple" or "Defendant") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by subjecting Charging Parties Susan Brenneka, Erin Foster, Christina Javid, Vicki Miner, and Tracy Rangel (collectively "Charging Parties"), and a class of female employees ("Class Members") to harassment because of their sex and retaliation because of their complaints about the harassment. Defendant filed an answer in which it denied the allegations.

2. In the interest of resolving this matter, and as a result of having engaged in

comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC.

## FINDINGS

3.  Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a.  This Court has jurisdiction of the subject matter of this action and of the parties.

    b.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Bloomin' Apple, the Charging Parties, the Class Members and the public interest are adequately protected by this Decree.

    c.  This Decree conforms with the Federal Rules of Civil Procedure, Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Class Members, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## NON-DISCRIMINATION

4.  Bloomin' Apple, its officers, agents, employees, successors, assigns and all persons acting in concert with it are permanently enjoined from: (a) engaging in any employment practice that discriminates on the basis of sex; (b) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of sexually harassing any female employee; (c) creating, facilitating or tolerating the existence of a work environment that is sexually hostile to female employees.

5. Bloomin' Apple, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

6. Bloomin' Apple shall pay monetary damages totaling $ 125,000 ($25,000 to each) to Plaintiff-Intervenors and Charging Parties Susan Brenneka, Erin Foster, Christina Javid, Vicki Miner, and Tracy Rangel. Bloomin' Apple shall pay $65,000 to their attorney Rene Hernandez, who shall receive only this amount as compensation for his work for these Plaintiff-Intervenors and who shall not receive, request, or accept any other payment or compensation or reimbursement of any kind for or related to his representation of these Plaintiff-Interveners in this matter. The Class Members who did not intervene in this matter shall be compensated as follows:

| | | | |
|---|---|---|---|
| Tara Jo Brady: | $15,000 | Shiloh Pfeiffer: | $15,000 |
| Jennifer Corcoran: | $15,000 | Tanya Sarrels: | $15,000 |
| Heather Lindfors: | $ 4,500 | Ashley Spindler: | $15,000 |
| Jyll Myers: | $15,000 | Paige Ramlow: | $ 500 |
| Heather Cyrus: | $15,000 | | |

7. EEOC will mail a copy of the Release Agreement (attached hereto as Exhibit A) to each Plaintiff-Intervenor and each Class Member. Each Plaintiff-Intervenor and each Class Member must execute and return a release agreement to EEOC. EEOC will send to Bloomin' Apple the executed release agreements it receives from the Plaintiff-Intervenors and Class

Members.

8.  Within five (5) business days after receipt by Defendant of a signed Release Agreement, Bloomin' Apple shall issue and mail by certified mail to each Plaintiff-Intervenor or Class Member a cashier's check in the amount set forth above in ¶ 6. EEOC shall provide Defendant with the current address for each Charging Party and Class Member. Defendant will also send a copy of each check to EEOC.

## POSTING OF NOTICE

9.  Within five (5) business days following entry of this Decree, Bloomin' Apple shall post a copy of the Notice (attached hereto as Exhibit B) to this Decree in its restaurant in Rockford, IL, in a location customarily used to communicate with employees. The Notice shall remain posted for two (2) years from the date of entry of this Decree. Bloomin' Apple shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Bloomin' Apple shall certify to EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. Bloomin' Apple shall permit a representative of EEOC to enter Bloomin' Apple's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

10.  Bloomin' Apple shall maintain and make available for inspection and copying by EEOC records (including names, social security numbers, addresses, and telephone numbers) of each employee or applicant who complains of sex harassment or retaliation. Bloomin' Apple shall maintain such records whether or not any such report or complaint is made formally or informally. Such records shall include the name of the complainant, the date of the report or complaint, what was alleged, the name(s) of any witnesses, what actions, if any, Bloomin' Apple

took to resolve the complaint, and the resolution of the report or complaint.

11.     Bloomin' Apple shall make all documents or records referred to in Paragraph 10 above available for inspection and copying within ten (10) business days after EEOC so requests. In addition, Bloomin' Apple shall require personnel within its employ whom EEOC reasonably requests for purposes of verifying compliance with this Decree to cooperate with EEOC and to be interviewed.

### REPORTING

12.     Bloomin' Apple shall furnish to EEOC the following written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty-three (23) months after entry of the Decree. Each such report shall contain:

(a)     A summary of the information recorded by Bloomin' Apple pursuant to Paragraph 10;

(b)     A certification by Bloomin' Apple that the Notice required to be posted in Paragraph 9, above, remained posted during the entire six (6) month period preceding the report.

### TRAINING AND REDISTRIBUTION OF POLICY AGAINST HARASSMENT AND RETALIATION

13.     During each of the two (2) years covered by this Decree, all of Bloomin' Apple's employees, including all managers, supervisors, and hourly employees, shall participate in an annual in-person training session by a trainer paid for by Bloomin' Apple and approved by EEOC regarding sex harassment, retaliation, and Bloomin' Apple's policies regarding such discrimination. The three owners of Bloomin' Apple, Andy Robertson, Marianne Allardice and

Kevin Allardice, shall also receive annual training regarding the same topics although that training may be done via a web-based training program or a video presentation. The first training shall take place within ninety (90) days of entry of this Decree.

14. Bloomin' Apple shall obtain EEOC's approval of its proposed trainer prior to the training session. Bloomin' Apple shall submit the name, address, telephone number, resume and training proposal of the proposed trainer, including all proposed training materials, to EEOC at least fifteen (15) business days prior to the proposed date(s) of the training. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event EEOC does not approve Bloomin' Apple's designated trainer, Bloomin' Apple shall have five (5) business days to identify an alternate trainer. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under ¶ 17.

15. Bloomin' Apple shall certify to EEOC in writing within five (5) business days after each training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance. Bloomin' Apple shall also provide EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

16. Within twenty-eight (28) calendar days of the date of the entry of this Consent Decree, Bloomin' Apple shall distribute to all of its employees, managers, and owners, a policy against harassment and retaliation which complies with Title VII and which provides for a

complaint process and mechanism for responding to such complaints. Within twenty-eight calendar days of the date of the entry of this Decree, Bloomin' Apple shall also post a copy of this policy in a location in the restaurant customarily used to communicate with employees. The inclusion of this paragraph in the Decree does not represent the Court's or EEOC's approval of Bloomin' Apple's policy.

## DISPUTE RESOLUTION

17.  In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

18.  All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under ¶17, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

19.  Except as otherwise provided in Paragraph 6, each party to this Decree shall bear its own expenses, attorney's fees and costs.

20. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, managers, assigns, and successors of Bloomin' Apple. Defendant and any successor(s) of Defendant shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

21. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

22. When this Decree requires certification by Bloomin' Apple of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Bloomin' Apple.

23. When this Decree requires the submission by Bloomin' Apple of reports, certifications, notices, or other materials to EEOC, they shall be mailed to: Bloomin' Apple Title VII Settlement, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661. When this Decree requires submission by EEOC of materials to Bloomin Apple, they shall be mailed to: John Dougherty, 252 N. Montclair Avenue, Glen Ellyn, Illinois 60137.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

RONALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
       COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois  60661
(312) 353-7726

s/ John C. Hendrickson
JOHN C. HENDRICKSON
Regional Attorney

s/Diane I. Smason
DIANE I. SMASON
Supervisory Trial Attorney


s/Laurie Elkin
LAURIE ELKIN
Trial Attorney

s/ Deborah Hamilton
DEBORAH HAMILTON
Trial Attorney


For Plaintiffs-Interveners Susan Brenneka, Erin Foster,
Christina Javid, Vicki Miner, and Tracy Rangel

s/Rene Hernandez
Rene Hernandez, Esq.

For Bloomin' Apple, Rockford I, LLC
Thomas Wilde
 Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601


s/ Thomas Wilde
THOMAS WILDE, Esq.

DATE: May 29, 2007

_____
ENTER:
The Honorable Judge Philip G. Reinhard
United States Senior District Judge

# EXHIBIT A

## **RELEASE AGREEMENT**

In consideration for $_____ paid to me by The Bloomin' Apple Rockford I, LLC., in connection with the resolution of <u>EEOC v. The Bloomin' Apple Rockford, I, LLC</u>, Case No. 04 C 50375, I waive my right to recover for any claims of sexual harassment and/or retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq</u>. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, that I had against The Bloomin' Apple Rockford I, LLC prior to the date of this release and that were included in the claims alleged in EEOC's complaint in <u>EEOC v. The Bloomin' Apple Rockford, I, LLC</u>, Case No. 04 C 50375.

_____     _____
Date                                              Signature

**EXHIBIT B**

## NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v The Bloomin' Apple Rockford, I, LLC, Case No. 04 C 50375, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against The Bloomin Apple, Rockford I, LLC.

In its suit, EEOC alleged that Bloomin' Apple, Rockford I, LLC discriminated against female employees by subjecting them to a sexually hostile work environment and retaliating against them when they complained about it. Bloomin' Apple Rockford I, LLC filed an answer in which it denied the allegations.

To resolve the case, Bloomin Apple Rockford I, LLC, and EEOC have entered into a Consent Decree which provides, among other things, that:

1) Bloomin' Apple, Rockford I, LLC will pay monetary relief totaling $300,000 to a class of female employees and their attorney;

2) Bloomin' Apple, Rockford I, LLC is enjoined from discriminating against women on the basis of sex and from subjecting women to sexual harassment;

3) Bloomin' Apple, Rockford I, LLC is enjoined from retaliating against any person because (s)he opposed any practice made unlawful by Title VII, filed an Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and

5) Bloomin' Apple, Rockford I, LLC will provide mandatory training to all employees and the owners regarding sexual harassment, retaliation, and its policies regarding such discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at (312) 353-8195. EEOC charges no fees and has a TTD number.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Bloomin' Apple Title VII Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.**

May 29, 2007
Date

Judge Philip G. Reinhard
United States District Court